**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4728-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ELVIN J. FRIAS,

    Defendant-Appellant.

_____

          Submitted April 17, 2018 — Decided July 13, 2018

          Before Judges Fisher and Sumners.

          On appeal from Superior Court of New Jersey,
          Law Division, Passaic County, Accusation No.
          07-11-1098.

          Joseph E. Krakora, Public Defender, attorney
          for appellant (Adam W. Toraya, Designated
          Counsel, on the brief).

          Camelia M. Valdes, Passaic County
          Prosecutor, attorney for respondent (Marc A.
          Festa, Senior Assistant Prosecutor, of
          counsel and on the brief).

PER CURIAM

    On April 25, 2008, after pleading guilty to an accusation
of third-degree possession of controlled dangerous substances
(cocaine) with intent to distribute within 1,000 feet of school

property, defendant Elvin J. Frias — a non-citizen of the United States — was sentenced in accordance with his plea agreement to time served effective his plea date and a five-year term of probation.  He did not appeal his conviction.  However, over six-and-a-half years later on September 29, 2015, upon facing deportation proceedings due to his conviction,[1] defendant filed a post-conviction relief (PCR) petition — beyond the five-year time limitation under Rule 3:22-12(a)(1) — alleging ineffective assistance of counsel.

During an evidentiary hearing before Judge Adam E. Jacobs, in which defendant was provided a Spanish interpreter, he testified that counsel failed to advise him of the immigration consequences of his plea.  He further contended counsel did not request that the trial court provide him with an interpreter at his plea hearing; thus, due to his limited English, he did not read the plea form questions.  This alleged oversight included plea form question 17, which asked: "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?"  Defendant circled "Yes" next to this question.  His colloquy with the plea court indicated he wanted to plead guilty despite knowing that as a

---

[1]  Defendant was apprehended by the United States Immigration and Customs Enforcement, and is currently being held in custody.

non-citizen of the United States, he could be deported due to his conviction and that it could affect his ability to become a citizen in the future should he so desire. Counsel did not testify because he had no recollection of representing defendant.

Judge Jacobs issued an order denying PCR together with a written decision finding that defendant's petition was both untimely and substantively without merit. The judge determined that defendant's PCR petition was procedurally deficient because he filed it well beyond the five-year time limit and that, in order relax the time bar as prescribed by Rule 3:22-12(a)(1)(A), he failed to assert facts indicating the delay was due to excusable neglect.

Notwithstanding the time bar, Judge Jacobs addressed the merits of defendant's petition and found that he failed to demonstrate he had received ineffective assistance of counsel. The judge recognized that because defendant's convictions predated the Supreme Court's seminal 2010 opinion in Padilla v. Kentucky, 559 U.S. 356, 367 (2010), concerning deportation consequences for a criminal defendant, his claims are governed by State v. Nunez-Valdez, 200 N.J. 129, 143-44 (2009). Under those pre-Padilla standards, the judge noted that a defendant seeking relief based upon post-conviction deportation

consequences can only prevail upon a demonstration that counsel affirmatively provided misleading advice about such consequences flowing from a guilty plea.  Id. at 143.  Counsel therefore had no duty to inform a client of such consequences; representation was deemed constitutionally ineffective only if misinformation was given to the client about the immigration consequences of pleading guilty.  State v. Gaitan, 209 N.J. 339, 375 (2012).  Considering that defendant did not allege counsel misadvised him about the immigration consequences of his plea, coupled with his review of the plea transcript[2] and assessment of defendant's evidentiary hearing testimony, the judge found counsel did not provide ineffective assistance.

On appeal, defendant argues:

POINT ONE

THE PCR COURT'S ORDER SHOULD BE REVERSED AND THE MATTER REMANDED TO THE [PCR] COURT TO ALLOW THE DEFENDANT TO VACATE HIS GUILTY PLEA BECAUSE THE PCR COURT ERRED IN DETERMINING THAT DEFENDANT DID NOT MEET HIS

---

[2]  Defendant, nineteen years of age at the time of his plea, testified that he had a ninth grade education; that he read and wrote English; that he understood he had a right to go to a jury trial; that he understood the charges and the terms of the plea offer, which he discussed with counsel; that he signed, initialed, and understood the plea form; that no one forced, coerced, or encouraged him to plead guilty; and that he was satisfied with the services of his counsel.

BURDEN UNDER THE <u>STRICKLAND</u>[3] STANDARD OF INEFFECTIVE ASSISTANCE OF COUNSEL.

<u>POINT TWO</u>

THE [PCR] COURT MISAPPLIED ITS DISCRETION IN APLLYING [<u>RULE</u>] 3:22-12 BECAUSE THE SIGNIFICANCE OF THE ISSUES RAISED, AND THEIR IMPACT ON THE INTEGRITY OF THE CRIMINAL JUSTICE SYSTEM, WARRANTED A RELAXATION OF THE FIVE-YEAR TIME BAR.

We conclude these arguments are unpersuasive and affirm substantially for the reasons set forth by Judge Jacobs in his cogent decision. We add the following brief comments.

A late filing after the five-year time limitation period may be considered if there is excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on their merits. <u>State v. Brewster</u>, 429 N.J. Super. 387, 400 (App. Div. 2013). In determining whether to relax the time bar, a court should consider "the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." <u>State v. McQuaid</u>, 147 N.J. 464, 485 (1997) (quoting <u>State v. Mitchell</u>, 126 N.J. 565, 580 (1992)). Absent compelling extenuating circumstances, the burden to

---

[3] <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984).

justify filing a petition after the five-year period will increase with the extent of the delay. State v. Afanador, 151 N.J. 41, 52 (1997). "Where the deficient representation of counsel affected 'a determination of guilt or otherwise wrought a miscarriage of justice,' a procedural rule otherwise barring post-conviction relief may be overlooked to avoid a fundamental injustice." Brewster, 429 N.J. Super. at 400 (quoting Mitchell, 126 N.J. at 587).

Combining these principles with our approval of Judge Jacobs' conclusion[4] that defendant was advised of the immigration consequences of his plea further supports our agreement with the judge that there was no excusable neglect for defendant's failure to file a timely PCR claim, and therefore, no injustice would result in not relaxing the time bar.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] We defer to a judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Rockford, 213 N.J. 424, 440 (2013) (alteration in original) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)).